NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| RONALD LUCAS, | ) | |
| Petitioner, | ) ) | Civil Action No. 7: 05-250-DCR |
| V. | ) ) ) | |
| EDWARD REILLY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Ronald Lucas, an individual presently confined at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of mandamus, which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. §2241. Lucas has also filed a "Motion to Proceed *In Forma Pauperis*" [Record No. 3] which will be addressed by separate order. The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

NAMED RESPONDENT

The Petitioner has named Edward Reilly, Chairman of the U.S. Parole Commission ("the Commission") as the Respondent.

## CLAIMS AND RELIEF REQUESTED

The Petitioner claims that his due process rights have been violated because the Commission has not timely set his release date as required under §235(b)(3) of the Sentencing Reform Act of 1984. As relief, the Petitioner asks the Court to enter a Writ of Mandamus ordering the Respondent to set a release date.

## ALLEGATIONS

The Petitioner provides no information about the nature of his crimes, or his sentence (such as when it was imposed or its term). He states that on August 5, 1998, the United States Parole Commission took over parole matters for District of Columbia offenders. *See* National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745. Meanwhile, Congress had passed the Sentencing Reform Act of 1984 ("SRA"), which provided for the abolition of the Commission in favor of a new, now current scheme, which involves the United States Sentencing Guidelines and post-incarceration court supervision. The SRA became effective November 1, 1987, and was to be applied prospectively.

The SRA provided for a transition period which would continue the Commission's authority to oversee the parole process for offenses committed prior to November 1, 1987. As to the old-regime prisoners, the legislation provided that:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in

>   accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Pub.L. No. 98-473, Section 235(b)(3), 98 Stat. 2032 (1984).

The continuation of the Commission has been extended repeatedly past the original five-year period. The Commission is now set to expire eighteen (18) years after the effective date, *i.e.*, on November 1, 2005. *See* Pub.L. No. 107-273, §11017, 116 Stat. 1758, 1824-25 (2002). Therefore, according to the Petitioner, prisoners like himself, whose crimes were under the old law and who expect to still be prisoners on October 31, 2005, are entitled to have a release date set by the Commission. Moreover, not only must the date be set prior to November 1, 2005, it must also be set sufficiently prior to that date so that a prisoner may pursue an appeal of the assigned date.

On August 9, 2005, the Petitioner filed this action, claiming that because the Commission has refused to set a release date for him and he has missed an opportunity to appeal it, his due process rights have been violated.

In light of the foregoing, it is hereby **ORDERED** as follows:

(1) The Clerk of the Court shall serve, by certified mail, return receipt requested, a copy of the Petition for Writ of Mandamus [Record No. 1] and this Memorandum Opinion and Order upon the United States Parole Commission; the Attorney General for the United States; and the United States Attorney for the Eastern District of Kentucky.

(2) Respondent, by counsel, shall answer or otherwise defend within sixty (60) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(3) Upon entry of a response herein or upon the expiration of the 60-day time period, the Clerk of the Court shall notify the Pro Se Office.

(4) Petitioner shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(5) For every further pleading or other document he wishes to submit for consideration by the Court, the Petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the Court will disregard the document**.

This 22nd day of November, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge