NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| RONALD LUCAS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 05-250-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDWARD REILLY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Petitioner Ronald Lucas, an individual presently confined at the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus. On November 22, 2005, the Court entered an Order directing Respondent Edward Reilly, Chairman of the U.S. Parole Commission ("the Commission") to file a response to the petition [Record No. 5]. The Court now considers, *sua sponte*, the merits of the petition.

PETITIONER'S ALLEGATIONS

The Petitioner claims that his due process rights have been violated because the Commission has not timely set a release date for him, as is required under §235(b)(3) of the Sentencing Reform Act of 1984. Lucas gives no information about his conviction or sentence. He identifies himself only as a District of Columbia prisoner over whom the Commission has authority for parole matters, pursuant to the National Capital Revitalization and Self-Government Improvement Act, Pub.L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, enacted in 1997.

Lucas asserts that the Commission was obligated to set a release date for prisoners who will be incarcerated on the date when the Commission and parole are abolished in favor of a new scheme, which substitutes the United States Sentencing Guidelines and post-incarceration court supervision.  *See* Sentencing Reform Act of 1984 ("SRA").  In this legislation, Congress provided that:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline.  A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Pub.L. No. 98-473, Section 235(b)(3), 98 Stat. 2032 (1984).  At the time this petition was filed (August 9, 2005), the Commission's original expiration date was set to expire eighteen (18) years after the effective date, *i.e.*, on November 1, 2005.  *See* Pub.L. No. 107-273, §11017, 116 Stat. 1758, 1824-25 (2002).

Pursuant to the above-quoted provisions, the Petitioner argues that prisoners who expected that they would still be prisoners on October 31, 2005, were entitled to have a release date set prior to that date.  Moreover, he asserts that not only must the date have been set prior to November 1, 2005, it must also have been set sufficiently prior to that date so that a prisoner might have pursued an appeal of the assigned date.[1]  He complains that he had not received a release date.  Therefore, the Petitioner filed this action, claiming that because the Commission

---

[1]   In *Simmons v. Keohane*, 1998 WL 124336 (6th Cir. 1998) (unpublished)), the Sixth Circuit estimated that the time for an appeal would take up to 3 months.

refused to set a release date for him and he had already missed sufficient time to appeal it by October 31, 2005, his due process rights had been violated.

## DISCUSSION

On September 29, 2005, the United States Congress extended the life of the U.S. Parole Commission for another three years. *See* U.S. Parole Commission Extension and Sentencing Commission Authority Act of 2005, P.L. 109-76, Sec. 2. Therefore, to the extent that the Commission has an affirmative obligation to set parole dates under Section 235(b)(3) of the SRA, it has until October 31, 2008, to establish such dates.

Accordingly, the Petitioner is not entitled to the relief he seeks and his petition will be denied. Ironically, this result is consistent with *Romano v. Luther*, 816 F.2d 832 (2nd Cir. 1987) – a case cited by the Petitioner. In *Romano*, the Second Circuit held that the Petitioner was premature in asking for a release date several years in advance of the then-expiration date of October 31, 1992. Substituting the current expiration dates, that court's conclusion would read as follows:

> We hold that subsection of 235(b)(3) . . . is now in effect, and that it requires the Parole Commission to set parole release dates within the applicable guideline ranges only for prisoners who will be in prison on [October 31, 2008], the day before the end of the . . . transition period, [and] that it requires no action by the Commission until a time sufficiently in advance of [*November 1, 2008*], to afford prisoners an opportunity to pursue administrative remedies before [*November 1, 2008*] . . .

816 F.2d at 842 (modified and emphasis added by the undersigned as to relevant dates).

## CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Petitioner Lucas' petition for writ of habeas corpus is **DENIED**, *sua sponte*.

(2) The action is **DISMISSED** and **STRICKEN** from the docket of the Court.

(3) The Clerk of the Court is directed to serve a copy of this Memorandum Opinion and Order upon the United States Parole Commission; the Attorney General for the United States; and the United States Attorney for the Eastern District of Kentucky. The prior Order directing a response from the Respondent is **VACATED** and **SET ASIDE**.

This 2nd day of December, 2005.

Signed By:
Danny C. Reeves  DCR
United States District Judge